STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETSY GEORGE, Widow of
CHARLES GEORGE (Deceased),
Claimant Below, Petitioner**

**vs.)    No. 11-1662**  (BOR Appeal No. 2045938)
                              (Claim No. 2007217457)

**ISLAND CREEK COAL COMPANY,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Betsy George, widow of Charles George, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Island Creek Coal Company, by Ann B. Rembrandt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 7, 2011, in which the Board affirmed a May 3, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 18, 2007, decision which denied Ms. George's application for dependent's benefits based on her husband's occupational pneumoconiosis related death. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. George passed away on February 28, 2006. The death certificate listed the immediate cause of death as cardiopulmonary arrest. End-stage emphysema and lung cancer were listed as underlying causes. Following Mr. George's death, in a deposition, Dr. Zuriqat stated that he had treated Mr. George for a number of respiratory related illnesses including chronic obstructive pulmonary disease and that coal workers' related pneumoconiosis had a role in Mr. George's

1

death. But Dr. Zuriqat also explained that a major factor of Mr. George's respiratory problems was his forty-year history of smoking. The decedent's widow, Ms. George, filed a timely application for dependent's benefits based on her husband's death from occupational pneumoconiosis. The Occupational Pneumoconiosis Board reviewed the claim but it did not find any pleural or parenchymal changes to suggest occupational pneumoconiosis. The Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in Mr. George's death. Based on the Occupational Pneumoconiosis Board's findings, on December 18, 2007, the claims administrator denied Ms. George's application for dependent's benefits. Following the denial, the Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges and reiterated its prior opinion that Mr. George did not suffer from occupational pneumoconiosis and that it did not materially contribute to his death. The Office of Judges then affirmed the claims administrator's decision on May 3, 2011. The Board of Review then affirmed the Office of Judges' Order on November 7, 2011, leading Ms. George to appeal.

The Office of Judges concluded that occupational pneumoconiosis did not cause nor was it a material contributing factor in the death of Mr. George. The Office of Judges also concluded that the claims administrator was correct to deny Ms. George's application for dependent's benefits. The Office of Judges based its determination on the findings and testimony of the Occupational Pneumoconiosis Board. It determined that the Occupational Pneumoconiosis Board had reviewed all the evidence of record. The Office of Judges found that there was no reliable evidence to refute the findings and conclusions of the Occupational Pneumoconiosis Board. The Office of Judges found that there was no evidence to demonstrate that the Occupational Pneumoconiosis Board was clearly wrong. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the Office of Judges. Ms. George has not demonstrated that Mr. George had occupational pneumoconiosis and that occupational pneumoconiosis contributed in any material degree to Mr. George's death according to the standard set out in *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (W. Va. 1991). The Occupational Pneumoconiosis Board consistently found that occupational pneumoconiosis was not a material contributing factor in Mr. George's death. Ms. George did not present any reliable evidence to refute its findings. Since Ms. George has not met the standard set out in *Bradford*, she is not entitled to dependent's benefits based on her husband's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED:** September 12, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II